IN THE UNTIED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SCANNED

05-30161 MPN

COURT FILE NO.

---

Teen Challenge of New England, Inc.
Plaintiff

Vs.

The United States of America

DOCKETED

---

## Complaint

### Parties

1.  The Plaintiff, Teen Challenge New England, Inc. ("Teen Challenge") is a non-profit corporation duly formed under the laws of the Commonwealth of Massachusetts having a usual place of business at 1315 Main Street, Brockton, Massachusetts.

2.  The Defendant, United States of America, is the federal government under which the United States Department of Agriculture, Food and Nutrition Service, 3101 Park Center Drive, Alexandria, Virginia operates.

### Jurisdiction

3.  This Court has jurisdiction under Section 14 of the Food Stamp Act, 7 U.S.C. §2023. Teen Challenge is requesting judicial review under §2023 of the decision of Beverly King, Administrative Review Officer of the Food and Nutrition Service dated June 10, 2005 served on the Plaintiff on July 20, 2005.

### Statement of Case

4.  Teen Challenge is a faith-based drug and alcohol rehabilitation center providing long-term residential services to adults who are homeless, indigent and substance abusing and/or dependent. Teen Challenge operates centers in Massachusetts, Rhode Island, Connecticut, Vermont and New Hampshire.

DOCKETED

01

5.    Teen Challenge's residential program supports and assists individuals recovering from substance abuse and addiction and related psychosocial problem areas. Teen Challenge provides a substance-free residential setting for its participants.

6.    The Plaintiff has tax-exempt status under Internal Revenue Code Section 501 (c)(3).

7.    Teen Challenge satisfies the eligibility requirements for the receipt of block grant funds set forth under Title XIX of the Public Health Services Act and accompanying regulations.

8.    Since Teen Challenge satisfies the eligibility requirements for the receipt of block grant funds set forth under Title XIX of the Public Health Services Act and accompanying regulations, it is considered a drug addiction and alcoholic treatment and rehabilitation program under 7 C.F.R. §271.2. Consequently, Teen Challenge is eligible to participate in the Food Stamp Program.

9.    Since at least 1975, Teen Challenge has been participating in the Food Stamp Program without interruption.

10.    Since at least 1975, individuals participating in Teen Challenge's residential program have qualified for and received food stamps. These individuals have voluntarily submitted such food stamps to Teen Challenge. Teen Challenge uses the food stamps its participants receive to purchase food for use in its residential program.

11.    Presently, Teen Challenge provides approximately 900 meals a day to 300 residents in common dining halls at its several locations in New England. Teen Challenge relies on food stamps it receives from its members to defray the cost of providing these meals to its residents.

12.    In early 2005, Teen Challenge was advised by the Boston Field Office of the Food and Nutrition Service ("FNS") that Teen Challenge was required to submit an application in order to continue to participate in the Food Stamp Program.

13.    Teen Challenge submitted an application to the Boston Field Office. This application was denied. According to the letter Teen Challenge received from the Boston Field Office, Teen Challenge's application was denied solely because Teen Challenge was "not licensed by the Commonwealth of Massachusetts as required by Part B of Title XIX of the Public Health Service Act."

14.   On or about February 23, 2005 Teen Challenge requested an administrative review of the decision by the Boston Field Office. This administrative review was conducted by Beverly King, Administrative Review Officer. On June 10, 2005, Ms. King issued a decision upholding the Boston Field Office's initial decision to deny the Plaintiff's application to participate in the Food Stamp Program. A copy of that decision issued by Ms. King is attached hereto as Exhibit A.

<u>Requested Relief</u>

15.   Neither Title XIX of the Public Health Services Act nor its accompanying regulations require that a substance treatment or rehabilitation program must be licensed by the relevant state before it is eligible to receive block grant funds for substance abuse treatment and prevention. Therefore, Teen Challenge meets the criteria for eligibility to participate in the Food Stamp Program under 7 C.F.R. §271.2, §273.11, and §278.1.

16.   Accordingly the decision of the Defendant is in error and should be overturned.


WHEREFORE the Plaintiff requests that this court find in favor of the Plaintiff and reverse the decision of the Defendant so as to allow the Plaintiff to participate in the Food Stamp Program.



Respectfully Submitted,

The Plaintiff, Teen Challenge of New England, Inc.

By:

Bradford R. Martin, Jr., Esquire
BBO# 322200
Martin, Downey & Steiger, P.C.
1500 Main Street, Suite 1410
P.O. Box 15628
Springfield, MA 01115-5628

413 214-6080
413 214-6085 fax
email bmartin@martindowneysteiger.com

**EXHIBIT A**



United States
Department of
Agriculture

Food and
Nutrition
Service

3101 Park Center Drive
Alexandria, VA
22302-1500

---

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Reverend Rodney B. Hart                                              JUN 10 2005
Teen Challenge International
P.O. Box 3265
Brockton, MA 02304

Dear Reverend Hart:

I have completed an administrative review of the Department's initial decision to deny
your application for authorization to participate in the Food Stamp Program. My review
has encompassed the information you have provided, together with the administrative
records which comprised the basis for the earlier decision.

The information in the administrative file indicates that you submitted an application to
participate in the Food Stamp Program to the Boston Field Office. You were
subsequently advised that your application was denied. The basis for the denial was that
your program is not licensed by the State of Massachusetts under Part B of Title XIX of
the Public Health Service Act and, therefore, does not meet the eligibility requirements of
the Food Stamp Program.

After a complete review of the administrative file it is my determination that the decision
of the Field Office to deny your application was the proper decision in this case.
As you pointed out some States do recognize and license programs such as the one you
administer. Unfortunately, however, this is not the case in Massachusetts and until a
change is made at the state level your program cannot be authorized to participate in the
Food Stamp Program.

Your attention is called to Section 14 of the Food Stamp Act (7 U.S.C. 2023) and to
Section 279 of the regulations with respect to your right to a judicial review of this
determination. Please note that if a judicial review is desired, the Complaint, naming the
United States as the defendant, must be filed in the U.S. District Court for the district in
which you reside or are engaged in business, or in any court of record of the State having
competent jurisdiction. If any such complaint is filed, it must be filed within 30 days of
receipt of this letter

Sincerely,

BEVERLY KING
Administrative Review Officer
Food and Nutrition Service

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Teen Challenge of New England, Inc.

**DEFENDANTS**
United States of America

**(b)** County of Residence of First Listed Plaintiff    Plymouth
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Hampden
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bradford R. Martin, Jr., 1500 Main St., Ste. 1410, Springfield, MA 01115-5628    (413)214-6080

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 3   Federal Question (U.S. Government Not a Party)

☒ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☒ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
7 U. S. C. 2023

Brief description of cause:
Judicial Review of Administrative Decision - food stamp denial

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE                   DOCKET NUMBER

DATE   07/19/2005

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)    Teen Challenge of New England, Inc. v. United States of America

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

☐   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

☐   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

☑   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

☐   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

☐   V.    150, 152, 153.

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    N/A

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                YES ☐       NO ☑

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                                YES ☐       NO ☑

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                YES ☐       NO ☐

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                YES ☐       NO ☐

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                YES ☐       NO ☑

    A.  If yes, in which division do all of the non-governmental parties reside?
        Eastern Division ☐        Central Division ☐        Western Division ☐

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
        Eastern Division ☑        Central Division ☐        Western Division ☐

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                YES ☐       NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Bradford R. Martin, Jr.
ADDRESS    1500 Main Street, Suite 1410, P.O. Box 15628, Springfield, MA 01115-5628
TELEPHONE NO.    (413)214-6080

(CategoryForm.wpd - 5/2/05)